### DE VEAUX v. HOLLIDAY et al.

(Supreme Court, Appellate Term.   December 20, 1907.)

REPLEVIN—LIABILITIES ON UNDERTAKINGS—ACTIONS—CONDITIONS PRECEDENT.
   Under the express provisions of Municipal Court Act, Laws 1902, p. 1531, c. 580, § 126, a defendant in replevin, who has recovered a final judgment, cannot maintain an action against the sureties in plaintiff's undertaking until after the issuance and return unsatisfied of an execution against plaintiff.

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Carrie De Veaux against John F. Holliday and another. Judgment for plaintiff, and defendants appeal. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and McCALL and FORD, JJ.

Walter M. Dodd, for appellants.
Jacob Stiefel, for respondent.

FORD, J. This is an action against the sureties on an undertaking in replevin furnished by the plaintiff in the replevin action to the defendant in that action, the plaintiff here. In the replevin action, the following judgment was rendered:

"Judgment for the plaintiff for the possession of the chattels or their value, fixed at $50.00, on payment to defendant of her lien fixed at..........$54 61
Prospective costs................................................................ 10 00
2 41

$67 02
"Dated this May 21st, 1907.          George F. Roesch, Justice.
"If defendant's lien as above not paid, judgment for defendant."

The plaintiff in that action did not pay the amount of the lien, and the defendant there brings this suit against the sureties on the undertaking. Judgment was rendered for plaintiff and the defendants appeal.

There was no proof of the issuance and return unsatisfied of an execution against the plaintiff in the replevin action. Under section 126 of the Municipal Court act (Laws 1902, p. 1531, c. 580), this is a condition precedent to the maintaining of an action against the sureties.

For this reason the judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.